**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Lorence Smith

    v.                                    Civil No. 20-cv-475-SE

Warden, FCI Berlin


**REPORT AND RECOMMENDATION**

    Lorence Smith, who is proceeding pro se, is incarcerated
at the Federal Correctional Institution in Berlin, New Hampshire
("FCI Berlin").[1]  He filed a petition for reduction of his
sentence in light of the risks of contracting COVID-19 at the
prison, citing 28 U.S.C. §§ 2241 and 2252, 18 U.S.C. § 3582, and
the CARES Act.  The court construed the petition to seek relief
under 28 U.S.C. § 2241, on the ground that the conditions of his
confinement violate the Due Process Clauses of the Fifth and
Fourteenth Amendments and the Eighth Amendment.  Mr. Smith also
sought release on bail or home confinement during the pendency
of this matter.

    The petition was served on the respondent, the FCI Berlin
Warden.  The Warden filed a response (Doc. No. 4) to Mr. Smith's
request for release on bail, an objection (Doc. No. 9) to the
petition.  Mr. Smith filed a reply (Doc. No. 10) to the Warden's
objection.  The Court now construes Mr. Smith's reply to the

-----

    [1] Smith is serving a forty-year sentence that was imposed by
the Superior Court of the District of Columbia in October 2003.

Warden's objection as an amended § 2241 petition.  The Court

will consider the original petition (Doc. No. 1) and the amended

petition (Doc. No. 10), together, as the amended petition in

this matter for all purposes, and subject that amended petition

to this Court's preliminary review.


**Preliminary Review Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a

petition for habeas relief and, if "it plainly appears from the

petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss

the petition."  Id.  "Federal courts are authorized to dismiss

summarily any habeas petition that appears legally insufficient

on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994).

The court construes [Petitioner]'s pleadings liberally,

considering his pro se status.  See Dutil v. Murphy, 550 F.3d

154, 158 (1st Cir. 2008).  As the Court has construed Mr.

Smith's filings as an amended petition subject to preliminary

review, the Court does not, at this stage, consider the

assertions in the Warden's response (Doc. No. 4) and objection

(Doc. No. 9) in determining whether Mr. Smith has stated a claim

upon which relief might be granted.

2

**Background**

In his amended petition, Mr. Smith affirms that he is
challenging the conditions of his confinement, pursuant to §
2241, based on the risks presented by COVID-19 in prison.  He
asserts that he was injured during a brutal attack at FCI Berlin
on January 30, 2019.  He alleges that his injuries included:
"subacute cortical fracture at volar base left middle phalanx,
multiple closed fractures of facial and nasal bone(s), contusion
of both lungs, left clavicle/shoulder bruising, difficulty
breathing/shortness of breath/trouble breathing, and multiple
broken teeth."  Am. Pet. (Doc. No. 1, at 2-3); see also id.
(Doc. No. 10, at 6).  Mr. Smith contends that his injuries put
him at a heightened risk of serious illness or death from COVID-
19, and seeks release from FCI Berlin on bail or home
confinement.

**Discussion**

The warden contends that § 2241 is not an appropriate basis
to challenge the conditions of confinement at FCI Berlin based
on the risks of COVID-19.  Courts are split on whether a
petition under § 2241 can challenge the conditions of
confinement in prison.  See, e.g., Wilson v. Williams, 961 F.3d
829, 837 (6th Cir. 2020) (§ 2241 can be used to seek release

from confinement, based on the conditions caused by COVID-19,

because that challenges the fact or extent of confinement);

Barnes v. Jamison, 22-cv-049, 2022 U.S. Dist. LEXIS 13577 at *5m

2022 WL 245478, at *2 (M.D. Pa. Jan. 25, 2022) (challenge to

conditions of confinement cannot be brought in § 2241 petition);

Vendetti v. Ortiz, 21-5193(NLH), 2022 U.S. Dist. LEXIS 5068, at

*2, 2022 WL 102250, at *1 (D.N.J. Jan. 11, 2022) (conditions of

confinement due to COVID-19 may be challenged in a § 2241

petition only under extraordinary circumstances and subject to

exhaustion).  To the extent such claims are allowed, courts

require the petitioner to show that the conditions imposed

because of COVID-19 are so extreme that they require the

petitioner's immediate release.  See, e.g., Hope v. Warden York

Cty. Prison, 972 F.3d 310, 324 (3d Cir. 2020).

Mr. Smith's allegations do not come close to meeting that

standard.  As the warden pointed out, when Mr. Smith filed his

petition, COVID-19 had not yet reached FCI Berlin.  Currently,

the Bureau of Prisons reports that FCI Berlin has no cases of

COVID-19 among the prison population, and only eight cases among

the staff.  See www.bop.gov/cornoavirus/ (last visited May 25,

2022).

Further, FCI Berlin has made vaccinations available to all

prisoners.  Id.  Except in unusual circumstances not alleged

4

here, "the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an extraordinary and compelling reason for immediate release."  United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021).  Similarly, even if the Eighth Amendment standard were applied, the conditions at FCI Berlin do not show that the staff is or has been deliberately indifferent to a substantial risk to Smith's health.  See Alcorta v. Warden, FCI Berlin, 21-cv-250-PB, 2021 U.S. Dist. LEXIS 185842, at *6-*7, 2021 WL 4444852, at *1-*2 (D.N.H. Sept. 10, 2021).  Therefore, the District Judge should dismiss Mr. Smith's amended § 2241 petition (Doc. Nos. 1, 10) as he has failed to assert a claim upon which the relief he seeks, release from prison on bail or home confinement to protect him from COVID-19, might be granted.

## Conclusion

For the foregoing reasons, the District Judge should dismiss this action in its entirety.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See

Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).


_____
        Andrea K. Johnstone
        United States Magistrate Judge

June 8, 2022

cc:  Lorence Smith, pro se.
     Seth R. Aframe, Esq.